09-2873-ag
Zhu v. Holder

BIA
Weisel, IJ
A097 701 757

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand ten.

PRESENT:
>           RALPH K. WINTER,
>           PIERRE N. LEVAL,
>           DEBRA ANN LIVINGSTON,
>                   *Circuit Judges*.

————————————————————————————————

YUAN SHANG ZHU, ALSO KNOWN AS YONG SHANG ZHU,

          *Petitioner*,

          v.                                    09-2873-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

          *Respondent*.

————————————————————————————————

FOR PETITIONER:        Michael Brown, Law Offices of
                       Michael Brown, New York, New York.

**FOR RESPONDENT:** **Tony West, Assistant Attorney General; Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation; Aaron R. Petty, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuan Shang Zhu, a native and citizen of the People's Republic of China, seeks review of a June 18, 2009 order of the BIA affirming the November 6, 2007 decision of Immigration Judge ("IJ") Robert D. Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuan Shang Zhu*, No. A097 701 757 (B.I.A. Jun. 18, 2009), *aff'g* No. A097 701 757 (Immig. Ct. N.Y. City Nov. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d

520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I. Asylum and Withholding of Removal

### A. Past Persecution

Zhu argues that he suffered past persecution because he was pushed and beaten on a single occasion while trying to prevent family planning officials from removing his wife from their home for the involuntary insertion of an IUD. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 301 (2d Cir. 2007). Although he acknowledges that his "injuries were minor" and that he did not require medical attention, Zhu argues that the agency failed to consider that because the beating occurred in his home, he was humiliated and effectively detained.[1] However, persecution is the infliction of suffering or harm on the basis of a protected ground that is of sufficient severity as to rise above "mere harassment" – even harassment causing

---

[1] Although the government argues that Zhu failed to exhaust his claim that the humiliation he endured constituted persecution, Zhu challenged the IJ's determination that his beating did not constitute past persecution before the BIA, and we do not hold a petitioner to "the exact contours of his argument below." *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005).

3

substantial emotional distress.  *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).  The agency properly considered the context in which Zhu's beating occurred, and reasonably found that Zhu's testimony did not establish that he suffered past persecution.  *See Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006).

**B.    Well-Founded Fear**

Because the BIA considered whether Zhu established a well-founded fear of sterilization as a result of violating the family planning policy, we consider the issue exhausted. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006).  The IJ noted, however, that there is no "current information or evidence to suggest that family planning officials have a desire to harm [Zhu] if he returns to China."  Contrary to Zhu's claim here, his wife's affidavit does not provide such information as it does not address any current harms that he might face.  Thus, because the agency reasonably noted that the record was devoid of evidence suggesting "family planning officials have a desire to harm him," record evidence supports its decision.  *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that, absent solid support in the record for the

4

petitioner's assertion that he would be subjected to persecution, his fear was 'speculative at best'). And because Zhu was unable to meet his burden for asylum, he has necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**II. CAT Relief**

Although Zhu sets forth the standard for CAT relief in his brief before this Court, he does not challenge the basis of the IJ's denial of CAT relief – that he did not meet his burden of showing that he would be subject to anything amounting to torture – or otherwise argue that any evidence established a likelihood of torture upon his return to China. Accordingly, we deem any challenge to the agency's denial of CAT relief waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk